UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., a North Carolina corporation | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| CHI CHING YANG, an individual, ANGELA CHIANG, an individual, | ) ) ) |
| Defendants. | ) |

Case No. 12 cv 7480

Judge Sharon Johnson Coleman

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Bank of America, N.A. ("BOA"), brings this action for breach of guaranty against defendants Chi Ching Yang and Angela Chiang. BOA now moves for summary judgment and, for the following reasons, the motion is granted in its entirety.

**Background**

In 2007, Merrill Lynch Business Financial Services, Inc. made three loans, totaling $5,090,924.00, to CAKK Venture, LLC, CAKK Ventures Glendale, LLC, and CAKK Ventures Fowler, LLC ("CAKK Fowler") (collectively, "Borrowers") to finance the purchases of three strip malls located in Arizona and Florida.[1] The CAKK loan agreements contain cross-default provisions; thus, a default of one loan constitutes a default of all three CAKK loans. (*See* Dkt. #1-1, Ex. 1, CAKK Ventures Agreement §3.4(e); Dkt. #1-1, Ex. 7, CAKK Glendale Agreement §3.4(e); Dkt. # 1-2, Ex. 12, CAKK Fowler Agreement §3.4(e).)

Defendants guaranteed the repayment and performance of all covenants undertaken by Borrowers for each of the CAKK loans. The CAKK loans and guarantees were subsequently assigned to Merrill Lynch Commercial Finance Corp., which later merged with BOA. BOA asserts that it owns the CAKK loans and guarantees, as Merrill Lynch's successor in interest.

On April 26, 2012, BOA sent a notice of default to Defendants for failure to pay 2010 and 2011 real estate taxes for the property in Tampa, Florida. (Dkt. #1-2, Ex. 17, Notice of Default.) On August 22, 2012, BOA accelerated all three CAKK loans and demanded payment within five days. (Dkt. #1-2, Ex. 18-20, Notices of Acceleration.) BOA filed the instant action on

---

[1] The first loan was to CAKK Ventures, LLC for $1,200,000.00, the second loan was to CAKK Ventures Glendale, LLC for $803,424.00, and the third loan was to CAKK Fowler for $2,887,500.00.

1

September 17, 2012 for breach of guaranty. In their answer, Defendants assert three affirmative defenses, including unclean hands, waiver and payment. (Dkt. #13, Answer ¶¶37-39.) BOA now moves for summary judgment.

**Legal Standard**

Summary judgment should be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment has the initial burden to "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden of production, the non-moving party "must go beyond the pleadings" and identify portions of the record demonstrating that a material fact is genuinely disputed. *Id*. The party who bears the burden of proof on an issue may not rest on the pleadings or mere speculation, but must affirmatively demonstrate that there is a genuine issue of material fact that requires a trial to resolve. *Id*. at 324. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Serednyj v. Beverly Healthcare, LLC*, 656 F.3d 540, 547 (7th Cir. 2011). When considering a motion for summary judgment, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-movant, but is not required to draw every conceivable inference from the record. *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009).

**Discussion**

BOA argues it is entitled to judgment as a matter of law because there is no dispute as to the material facts giving rise to Defendants' breach of guaranty. "To establish a prima facie case for enforcement of a guaranty under Illinois law, plaintiff must enter proof of the original indebtedness, the debtor's default, and the guarantee." *Gen. Elec. Bus. Fin. Servs., Inc. v. Silverman*, 693 F. Supp. 2d 796, 799 (N.D. Ill. 2010). Here, the Court finds that BOA has offered evidence demonstrating all of the elements on its claim.

BOA alleges that Borrowers failed to pay real estate taxes on the subject property located in Tampa, Hillsborough County, Florida in 2010 and 2011 and thus defaulted on the CAKK Fowler loan. Pursuant to section 3.3(c) of the CAKK loans, Borrowers were required to "pay when due all of its respective taxes, assessments, and other governmental charges…except to the extent that any such failure to file or pay will not materially and adversely affect either any liens

and security interests…" (*See* Dkt. #1-1, Ex. 1, CAKK Agreement §3.3(c); Dkt. #1-1, Ex. 7, CAKK Glendale Agreement §3.3(c); Dkt. # 1-2, Ex. 12, CAKK Fowler Agreement §3.3(c).) Hillsborough County property taxes are due on November 1 of the year in which they are assessed and become delinquent on April 1 of the following year. *See* Fla. Stat. §197.333. If property taxes become delinquent, Hillsborough County issues and sells a tax certificate which creates a first lien on the property. *See* Fla. Stat. §§197.432, 197.102(f) (a tax certificate is a legal document "representing unpaid delinquent real property taxes…issued…against a specific parcel of real property and becoming a first lien thereon, superior to all other liens…"). If delinquent property taxes remain unpaid for two years, the holder of the tax certificate may apply to the county for a tax deed which, if issued, extinguishes mortgage liens and entitles the holder to immediate possession. *See* Fla. Stat. §§197.502, 197.562.

On June 26, 2012, BOA sent a notice of default to Defendants regarding their failure to pay property taxes and requested payment of the delinquent taxes by July 11, 2012. BOA alleges that Defendants failed to cure the default and, therefore, on August 22, 2012, BOA accelerated all three CAKK loans and demanded payment of $4,815,316.19 by August 27, 2012. Additionally, BOA asserts that on March 25, 2013 – five days before the holder of a tax certificate could apply for a tax deed – BOA paid the delinquent property tax on the Tampa property. (Dkt. #23, Pl. Mot. pp. 4-5.)

Defendants dispute that the three CAKK loans were ever in default, but concede that they did not pay the property taxes at issue here prior to March 25, 2013. Defendants claim that they did submit payment for the 2010 property taxes, but that their funds were returned on April 5, 2013. According to Defendants, their otherwise timely payment was preempted by BOA's March 25 payment, and they were thus prevented from complying with the terms of the CAKK Fowler loan. This assertion is supported by a single affidavit from defendant Yang which states "I attempted to pay and did send payment to Hillsborough County for the real estate property tax from the CAKK Loans." (Dkt. #30, Ex. 1, Yang Aff. ¶5.) Defendants fail to provide any substantiating documentation that such a payment was made or returned. Moreover, Defendants' argument only underscores the fact that the property taxes were not paid "when due" as required by the loan agreement and the three CAKK loans were therefore in default prior to March 25, 2013. (*See* Dkt. # 1-2, Ex. 12, CAKK Fowler Agreement §3.3(c).)

3

Defendants also argue that their affirmative defenses preclude the Court from granting summary judgment in BOA's favor. BOA contends that Defendants explicitly waived any defenses to enforcement of the guarantees. Indeed, each guaranty agreement states:

> "Guarantor acknowledges and agrees that this Guaranty is a legal, valid and binding obligation of Guarantor, and is enforceable in accordance with its terms by [BOA] and that Guarantor has no defense (including without limitation, suretyship and those defenses arising if the Obligations are secured by real or personal property), counterclaim or right of set-off which would affect [BOA's] ability to enforce this Guaranty and, to the extent that Guarantor has any defense, counterclaim or right of set-off, Guarantor hereby waives all such defenses, counterclaims and rights of set-off." (Dkt. #1-1, Ex. 5-6, CAKK Guaranty; Dkt. #1-2, Ex. 10-11, CAKK Glendale Guaranty; Dkt. #1-2, Ex. 15-16, CAKK Fowler Guaranty.)

Such waivers of defenses by guarantors are legally binding and enforceable in Illinois. *See e.g. Heartland Bank and Trust Co. v. Goers*, 2012 WL 7005595, at *6 (Ill. App. Ct. Mar. 26, 2012); *Bank of America, N.A. v. 108 N. State Retail LLC*, 401 Ill. App. 3d 158, 172 (2010). Accordingly, Defendants unambiguously waived the right to assert any defenses.

Even if the waiver of defenses is unenforceable, the Court finds that the asserted defenses are without merit and fail for several reasons. While Defendants assert three affirmative defenses in their answer, including unclean hands, waiver and payment, Defendants fail to address their waiver and payment defenses in their response brief and therefore waive those defenses. *Apollo Galileo USA P'ship v. Kingdom Vacations, Inc.*, 2002 WL 1359391, at *3 n. 1 (N.D.Ill. June 20, 2002) (affirmative defenses that are not raised by the non-movant in response to a summary judgment motion are waived). Defendants assert that Merrill Lynch acted in bad faith by underwriting and issuing the loans despite allegedly knowing that nearly 60% of the commercial leases associated with the Tampa property were set to expire within twelve months. Further, Defendants argue that BOA acted in bad faith and engineered a default by paying the delinquent taxes on March 25, 2013. To the extent that Defendants re-assert the doctrine of unclean hands applies, Defendants fail to come forward with any facts or evidence that the alleged misconduct rises to the level of fraud or bad faith as required by Illinois law. *See Beitner v. Marzahl*, 354 Ill.App.3d 142, 150 (2004). Therefore, Defendants fail to present evidence in support of their affirmative defenses sufficient to raise a genuine issue of material fact which would preclude this Court from entering summary judgment in favor of BOA.

**Conclusion**

      For all the foregoing reasons, the Court grants BOA's motion for summary judgment.
IT IS SO ORDERED.

_____
Date: May 27, 2014

                                                                        United States District Judge